**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

SEP 27 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **NC VENTURE I, L.P., Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-02-190** |
| | § | |
| **WOLFE TRAWLERS, INC., HENRY WOLFE, JR. and the F/V FAITH, her engines, nets, tackle, apparel, and furniture, etc., in rem, Defendants** | § | **IN ADMIRALTY** |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW NC VENTURE I, L.P., Plaintiff herein, complaining of WOLFE TRAWLERS, INC., *in personam*, the owner of the named vessel, F/V FAITH, her engines, nets, tackle, apparel, and furniture, etc. *in rem*, and HENRY WOLFE, Jr., individually as guarantor, herein collectively referred to as Defendants, and for cause of action would respectfully show unto the Court the following:

I.

**PARTIES**

1. Plaintiff is a limited partnership, with an office and its principal place of business at 4100 Greenbriar, Suite 180, Stafford, TX, 77477.

2. Defendant WOLFE TRAWLERS, INC., a Texas corporation, having its principal place of business in Cameron County, Texas, may be served with process by serving its registered agent for process David Krummel at 1229 B, Hwy 100, Port Isabel, Texas, 78578.

3. Defendant HENRY WOLFE, JR. is an individual, resident of Cameron County, Texas, who may be served with process at his principal place of business at Angelers Road, Shrimp Basin, Port of Brownsville, Brownsville, Texas 78521.

4. Defendant F/V FAITH is a fishing vessel, believed to be wholly owned by Defendant WOLFE TRAWLERS, INC. On information and belief the F/V FAITH is now or during the pendency of this action will be, within this District and which may be found for service of process and arrested at the docks on Anglers Road in the Shrimp Basin at the Port of Brownsville or at Port Isabel, Texas.

II.

**JURISDICTION AND VENUE**

5. This is a case involving admiralty and maritime jurisdiction within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction under 46 USC §31342 and 28 USC §1333. The Defendant Vessel is, or will be, during the pendency of the process within this district and within the jurisdiction of this court.

III.

**FACTS OF THE CASE**

6. On or about the 4th day of April, 1980, Solis Trawlers, Inc. (the prior owner of the Defendant vessel, F/V FAITH) executed and delivered to the United States Small Business Administration (hereinafter sometimes referred to as "S.B.A."), a promissory note bearing such date and year in the principal amount of $57,000.00 and thereby promised to pay to the order of the S.B.A, the principal sum of $57,000.00, plus accrued interest of 7 3/8 percent per annum as stated in the Note.

A true and correct copy of the Note is attached hereto as **Exhibit "A"**.

7. The Note further provides that the holder is authorized to declare all or any part of the indebtedness immediately due and payable upon the happening of any of several events including the "failure to pay any part of the indebtedness when due" or "nonperformance" by the signor.

8. At the time of the execution of the note Solis Trawlers, Inc. was the sole owner of the F/V FAITH, registered at the Port of Brownsville, Texas, Official Number 513134. To secure the payment of said note, Solis Trawlers, Inc. duly executed and delivered to the S.B.A. a third preferred mortgage upon said vessel, dated April 4, 1980. A true and correct copy of the mortgage is attached hereto as **Exhibit "B"**. The first and second preferred mortgages have been satisfied and extinguished.

9. In pertinent part, the mortgage provides that in the event of default in the payment of the principal of the note or any installment thereof the holder may declare the principal of said note and all accrued interest to be due and payable forthwith, after which it shall bear interest at 10% per annum.

10. On or about March 6, 1985, Defendant, Wolfe Trawlers, Inc. assumed the S.B.A. loan from Solis Trawlers, Inc. At that time, the Defendant Henry Wolfe Jr., the president of Wolfe Trawlers, Inc., executed his personal guarantee of the Note which provided in pertinent part:

> " the undersigned [Henry Wolfe Jr.] unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Solis Trawlers, Inc. to lender dated 4/4/80 in the principal amount of $57,000.00 with interest at the rate of 7 3/8 per cent per annum...".

A copy of the SBA guaranty executed by Henry Wolfe Jr. is attached hereto as

**Exhibit "C"** and incorporated by reference as if fully set forth at length.

11. An Agreement for Assumption of Indebtedness was executed on or about the 31st day of July, 1986 by Defendant, Wolfe Trawlers, Inc., to assume the payment of the unpaid balance of the note and the indebtedness held by the S.B.A. A true and correct copy of the Agreement for Assumption of Indebtedness is attached hereto as **Exhibit "D"** and incorporated herein by reference.

12. On the 29th of June, 1995, Wolfe Trawlers, Inc. modified the promissory note, said modification extending the maturity date of the loan to January 1, 2010. A copy of the modification is attached hereto as **Exhibit "E"** and incorporated herein as if fully set forth at length.

13. On the 9th day of April 2001, the S.B.A. endorsed the Note and assigned the loan documents payable to the order of the Plaintiff, NC Venture I, L.P.. A copy of the Note Endorsement and Assignment of Loan Documents are attached hereto as **Exhibit "F"** and incorporated herein as if fully set forth at length.

14. The Defendants have defaulted in the payment of the Note.

15. Plaintiff is the legal owner and holder of such note and the entity entitled to enforce it. Plaintiff has made presentment and formal written demand upon Defendants to pay the Note. Defendants failed and refused to pay same and the Note, having matured and become due and payable by virtue of such default, has been placed in the hands of the undersigned attorneys for collection, agreeing to pay them attorneys' fees as provided in the Note.

16. Defendants are indebted to Plaintiff in the principal amount of $41,587.32 plus accrued interest in the amount of $11,220.57 and such interest as may accrue at the rate

of ten (10%) percent until paid.

17. Plaintiff has and claims a maritime lien against the Defendant vessel in the amount of the accelerated principal and interest due to date plus default interest as stated in the Note.

IV.

**ATTORNEYS' FEES**

Plaintiff would further show the court that by reason of the Defendants' default and failure to cure their default upon demand, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recoup reasonable attorneys' fees in connection with the collection of said promissory note and foreclosure of its preferred mortgage.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

A. that process in due form of law according to the rules and practice of this court in causes of maritime and admiralty jurisdiction may issue against the vessel the F/V FAITH, her engines, tackle, etc., citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above;

B. that process be issued against the Defendant Wolfe Trawlers, Inc., Defendant Vessel and Defendant Guarantor named herein, and that said Vessel, her engine, tackle, apparel, etc. and all other necessaries thereunto belonging and appertaining, be condemned and sold to pay the demands and claims aforesaid with interest;

C. that Plaintiff's claim be established as a maritime lien in the amount set forth above against the named Defendant Vessel;

D. that Plaintiff recover the full amount of the indebtedness from the *in personam* defendant, WOLFE TRAWLERS, INC. and guarantor Defendant Henry Wolfe, Jr.;

E. that Plaintiff recover prejudgment and postjudgment interest as provided by the terms of the Note and law and costs of suit;

F. that Plaintiff recover reasonable attorneys' fees; and

G. for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

RENTFRO, FAULK & BLAKEMORE, LLP
185 E. Ruben M. Torres Sr. Blvd.
Brownsville, TX 78520-9136
(956) 541-9600-phone
(956) 541-9695-facsimile

T. MARK BLAKEMORE
SBN: 02431800
Federal Admn. No. 1915

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF FORT BEND §

BEFORE ME, the undersigned authority, on this day personally appeared, Jerome Johnson, who, being by me first duly sworn, deposed and said:

"My name is Jerome Johnson. I am the Asset Manager of N C Venture I, L.P., Plaintiff in the above and foregoing entitled and numbered action. In my capacity, I am familiar with the operations and billing records of N C Venture I, L.P.. I have read the foregoing Original Complaint and the contents thereof are true and correct and within my own personal knowledge."

FURTHER AFFIANT SAITH NOT.

Jerome Johnson

SWORN TO AND SUBSCRIBED BEFORE ME by the said, Jerome Johnson, ASSET MANAGER of N.C. Venture L.P. which witness my hand and seal of office this 26th day of September, 2002.




Holly Hassialis
Notary Public, State of Texas

SBA LOAN NUMBER

EIDL 223 672 2002 HAR

U.S. SMALL BUSINESS ADMINISTRATION

# NOTE

(FOR DISASTER LOANS ONLY)

Brownsville, Texas
(City and State)

$57,000.00

(Date) April 4, 1980

For value received, the undersigned promises to pay to the order of

SMALL BUSINESS ADMINISTRATION
(Payee)

at its office in the city of P.O. Box 360, Denver, State of Colorado.

or at holder's option, at such other place as may be designated from time to time by the Holder or Small Business Administration

FIFTY-SEVEN THOUSAND AND NO/100's------------------------------------------- dollars,
(Write out amount)

with interest on unpaid principal computed from the date of each advance to the undersigned at the Annual Percentage Rate, of 7 3/8 Percent per anum, payment to be made in installments as follows:

$ 531.00, including principal and interest, payable monthly, beginning five (5) months from the date hereof; the balance of principal and interest to be paid in full Fifteen ( 15 ) year(s) from the date hereof; with the further provision that each said installment shall be applied first to accrued interest, and the balance, if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the Indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.

The Indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act of 1898, as amended, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events:
(1) Failure to pay any part of the Indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or Small Business Administration (hereinafter called "SBA"), or either of them, with respect to the Indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of the said agreements, or in any affidavit or other documents submitted in connection with said application or the indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned; (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Act of 1898, as amended) or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder,(5) the undersigned's failure duly to account, to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.



EXHIBIT A

Upon the nonpayment of the Indebtedness, or any part thereof when due, whether by acceleration or otherwise Holder is empowered to sell, assign, and deliver the whole or any part of the Collateral at public or private sale, without demand, advertisement or notice of the time or place of sale or of any adjournment thereof, which are hereby expressly waived. After deducting all expenses incidental to or arising from such sale or sales, Holder may apply the residue of the proceeds thereof to the payment of the Indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned. The undersigned hereby waives all right of redemption or appraisement whether before or after sale.

Holder is further empowered, to collect or cause to be collected or otherwise to be converted into money all or any part of the Collateral, by suit or otherwise, and to surrender, compromise, release, renew, extend, exchange, or substitute any item of the Collateral in transactions with the undersigned or any third party, irrespective of any assignment thereof by the undersigned, and without prior notice to or consent of the undersigned or any assignee. Whenever any item of the Collateral shall not be paid when due, or otherwise shall be in default, whether or not the indebtedness, or any part thereof, has become due, Holder shall have the same rights and powers with respect to such item of the Collateral as are granted in respect thereof in this paragraph in case of nonpayment of the Indebtedness, or any part thereof, when due. None of the rights, remedies, privileges, or powers of Holder expressly provided for herein shall be exclusive, but each of them shall be cumulative with and in addition to every other right, remedy, privilege, and power now or hereafter existing in favor of Holder, whether at law or in equity, by statute or otherwise.

The undersigned agrees to take all necessary steps to administer, supervise, preserve, and protect the Collateral, and regardless of any action taken by Holder, there shall be no duty upon Holder in this respect. The undersigned shall pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this Note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the Indebtedness or the administration, supervision, preservation, protection of (including, but not limited to, the maintenance of adequate insurance) or the realization upon the Collateral. Holder is authorized to pay at any time and from time to time any or all of such expenses, add the amount of such payment to the amount of the Indebtedness, and charge interest thereon at the rate specified herein with respect to the principal amount of this Note.

The security rights of Holder and its assigns hereunder shall not be impaired by Holder's sale, hypothecation or rehypothecation of any note of the undersigned or any item of the Collateral, or by any indulgence, including but not limited to (a) any renewal, extension, or modification which Holder may grant with respect to the Indebtedness or any part thereof, or (b) any surrender, compromise, release, renewal, extension, exchange, or substitution which Holder may grant in respect of the Collateral, or (c) any indulgence granted in respect of any endorser, guarantor, or surety. The purchaser, assignee, transferee, or pledgee of this Note, the Collateral, any guaranty, and any other document (or any of them), sold, assigned, transferred, pledged, or repledged, shall forthwith become vested with and entitled to exercise all the powers and rights given by this Note and all applications of the undersigned to Holder or SBA, as if said purchaser, assignee, transferee, or pledgee were originally named as Payee in this Note and in said application or applications.

This promissory note is given to secure a loan which SBA is making or in which it is participating and, pursuant to Part 101 of the Rules and Regulations of SBA (13 C.F.R. 101.1(d)), this instrument is to be construed and (when SBA is the Holder or a party) in interest) enforced in accordance with applicable Federal law.

The undersigned understands and agrees that it is mandatory that all receipts, records, and such other evidence as is necessary and satisfactory to Small Business Administration be retained for one year from the date of the final disbursement on said note, which evidence shall indicate that the funds received have been used as directed by the authorization Failure to furnish such evidence when requested shall raise a presumption that the proceeds of the loan have been wrongfully misapplied.

The undersigned understands and agrees that in the event he wrongfully misapplies the proceeds of the loan obtained, he shall be civily liable to the Administration in an amount equal to one and one half (1½) times the original principle amount of the loan. It is understood that the term "indebtedness" as defined above shall include this amount, if imposed by the Administration

**NOTICE OF RIGHT OF RESCISSION**

You have a legal right under Federal Law to cancel this transaction, if you desire to do so, with out any penalty or obligation within three (3) business days from date of this note.

No finance charge has been made for this transaction.

STATE OF TEXAS
COUNTY OF ____________.

Subscribed to and sworn before me this ______ day of ______, 19_____.

______________________
NOTARY
My commission expires on ________, 19_____.

SOLIS TRAWLERS, INC.

BY: Alfredo Solis
ALFREDO SOLIS, President

ATTEST: Ma. Concepcion Solis
MARIA CONCEPCION SOLIS, Secretary

Dated this 4th day of April 19 80.

Note.—Corporate applicants must execute Note, in corporate name, by duly authorized officer, and seal must be affixed and duly attested; partnership applicants must execute Note in firm name, together with signature of a general partner.

Official No. 513134

THIRD
This ~~First~~ Preferred Mortgage, on the vessel(~~s~~) "FAITH",

dated April 4, 1980
Amount of Mortgage $57,000.00
Maturity Date April 4, 1995

and made by SOLIS TRAILERS, INC.
577 Billy Mitchell, Brownsville, Texas 78520

(hereinafter called "Owner"), to Small Business Administration, an agency and instrumentality of the United States Government, having a District Office at 222 E.Van Buren, Harlingen, Texas (hereinafter called "Mortgagee"),

WITNESSETH:

WHEREAS, the maker, Mortgagor herein, is the sole owner of the whole of the vessel (if more than one vessel is mortgaged hereunder, the term "vessel" means each such vessel) hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by promissory note dated April 4, 1980, in the principal amount of $57,000.00 with interest at 7 3/8% per annum payable to the order of Mortgagee as follows:

$531.00, including principal and interest, payable monthly, beginning Five (5) months from the date of Note and $531.00 on the same date of each succeeding calendar month thereafter until paid in full, provided that all principal and interest not sooner paid shall become due and payable Fifteen (15) years from the date of the Note; and each said installment payment, when received, shall be applied by the holder hereof, first to interest accrued to the date of receipt of said payment, and the balance, if any, on account of the principal hereof,

and has agreed to give this Mortgage as security, and has authorized and directed the execution and delivery hereof,

NOW, THEREFORE, in consideration of the premises and for other good and valuable considerations, receipt of all of which is hereby acknowledged, and to secure payment of said indebtedness and interest and other sums that hereafter may become due pursuant hereto and the performance of all covenants hereof, Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the Oil Screw (Type of Vessel) named below and further described in her (their) last marine document(s) issued and identified as follows:

| Name | Home Port | Official Number | Gross Tons | Net Tons |
|---|---|---|---|---|
| FAITH | Brownsville, Texas | 513134 | 99 | 59 |

| Enrollment Number | Place Issued | Date Issued |
|---|---|---|
| PE No. 21 | Brownsville, Texas | 3/27/79 |

together with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom, all of which shall be deemed to be included in the term "vessel" herein, and said document(s) being deemed included herein by reference;

TO HAVE AND TO HOLD all and singular the above described vessel unto Mortgagee, its successors and assigns, forever;

PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect.

Nothing herein shall be deemed or construed to subject to the lien hereof any property other than a vessel as the term is used in the Ship Mortgage Act, 1920.

Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants and agreements herein, and to hold the vessel subject thereto.

## ARTICLE I. — *Particular Covenants of Owner*

Owner covenants as follows:

1. Owner is and shall continue to be a citizen of the United States entitled to own and operate the vessel under her marine document, which Owner shall maintain in full force and effect; and all action necessary for the execution, delivery and validity hereof and of the good faith affidavit filed herewith and of said note has been duly taken. If a corporation, Owner is duly organized and is and shall continue in good standing under the laws of the State of Texas and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2. Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may hereinbelow be specified and shall warrant and defend title to and possession of all and every part thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee and/or any assignee of this Mortgage any claim of Owner against Mortgagee and/or assignee under any past or future transaction.

3. Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, tower's liability risks if the vessel performs towage, employees' compensation and/or other risks and liabilities from time to time specified by Mortgagee. All insurance shall be taken out in the name of Owner and shall by its terms be payable to Mortgagee for account of Mortgagee and Owner as their respective interests may appear, and all policy forms, underwriters and amounts shall be subject to Mortgagee's approval. Owner shall notify, and shall request underwriters to agree reasonably in advance to notify, Mortgagee of any cancellation of or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefor have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach of warranty or otherwise.

4. Owner shall comply with and not permit the vessel to be operated contrary to any provision of the laws, treaties, conventions, rules, regulations or orders of the United States, any State and/or any other jurisdiction wherein operated, and/or of any department or agency thereof, nor remove the vessel from the limits of the United States save on voyages with the intent of returning, nor abandon the vessel in any foreign port. Owner shall do everything necessary to establish and maintain this Mortgage as a First Preferred Mortgage on said vessel.

EXHIBIT B

ARTICLE III. — *Possession Until Default*

Until one or more of the events of default hereinbefore described, Owner shall be permitted to retain actual possession and use of the vessel.

ARTICLE IV. — *Sundry Provisions*

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or its successors and assigns, and shall inure to the benefit of Mortgagee and its successors and assigns. Following any assignment hereof, any reference herein to "Mortgagee" shall be deemed to refer to the assignee. If more than one person is the Owner herein, "his" shall mean "their."

FUTURE ADVANCES This mortgage is executed for the purpose of securing not only the payment of the above described note but also to secure all future advances made by the holder of said note to the mortgagor, and said mortgage shall remain in full force and effect to secure all future advances and all renewals or extensions of the above described note.

IN WITNESS WHEREOF, on the day and year first above written, Owner has executed this Mortgage or, if a corporation, has caused this Mortgage to be executed in its name and its corporate seal to be affixed hereto by its proper officers thereunto duly authorized.

ATTEST:

MARIA CONCEPCION SOLIS,
Secretary

SOLIS TRAWLERS, INC.

BY: ALFREDO SOLIS, President

ACKNOWLEDGMENT

State of Texas

County of Cameron

Before me, the undersigned authority, on this day personally appeared Alfredo Solis, President of Solis Trawlers, Inc., known to me to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated as the act and deed of said Corporation.

Given under my hand and seal of office this 4th day of April, A. D. 19 80.

Barbara Brobst, Notary Public
For the County of Cameron, State of Texas
My Commission expires 3/13/84

AFFIDAVIT AS TO GOOD FAITH, LIENS, ETC.

STATE OF TEXAS, COUNTY OF Cameron, ss.:

Alfredo Solis

being (severally) duly sworn, depose(s) and say(s) that he is (they are) the (individual Mortgagor(s)) President of Solis Trawlers, Inc., the corporation described in and who (which) executed the foregoing mortgage; and that the said mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditors of the Mortgagor or any lienor of the mortgaged vessel(s). There are no liens, encumbrances, charges or mortgages outstanding against said vessel, other than the lien of the foregoing mortgage.

If Mortgagor is a corporation, this affidavit is made pursuant to authority of its Board of Directors.

Subscribed and sworn to before me this 4th day of April, 19 80

(SEAL)

Barbara Brobst, (Notary Public) Notary Public
For the County of Cameron, State of Texas
My Commission Expires 3/13/84

ALFREDO SOLIS

Signature(s) of Affiant(s)

OATH OF CITIZENSHIP OF PROPER OFFICER OF MORTGAGEE IS FILED SIMULTANEOUSLY WITH PRESENTATION OF THIS MORTGAGE FOR RECORDING.

EXHIBIT B




| SBA LOAN NO. |
|---|
| EIDL 223 672 3002 HAR |

**SMALL BUSINESS ADMINISTRATION (SBA)**
**GUARANTY**

March 6, 1985

In order to induce Small Business Administration (hereinafter called "Lender") ~~to make a loan or loans or renewal or extension thereof~~ to permit Wolfe Trawlers, Inc. to assume a loan made by (SBA or other Lending Institution) Small Business Administration to Solis Trawlers, Inc., in the amount of $57,000.00 XXXXXXXXXXXXXXXXXXXX the Undersigned hereby unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the ~~Debtor~~ Solis Trawlers, Inc. made ~~XXXXXXXX~~ to Lender, dated 4/4/80 in the principal amount of $57,000.00 with interest at the rate of 7 3/8 per cent per annum. Such note, and the interest thereon and all other sums payable with respect thereto are hereinafter collectively called "Liabilities." As security for the performance of this guaranty the Undersigned hereby mortgages, pledges, assigns, transfers and delivers to Lender certain collateral (if any), listed in the schedule on the reverse side hereof. The term "collateral" as used herein shall mean any funds, guaranties, agreements or other property or rights or interests of any nature whatsoever, or the proceeds thereof, which may have been, are, or hereafter may be, mortgaged, pledged, assigned, transferred or delivered directly or indirectly by or on behalf of the * or the Undersigned or any other party to Lender or to the holder of the aforesaid note of * , or which may have been, are, or hereafter may be held by any party as trustee or otherwise, as security, whether immediate or underlying, for the performance of this guaranty or the payment of the Liabilities or any of them or any security therefor.

*Solis Trawlers, Inc. *Solis Trawlers, Inc. or Wolfe Trawlers, Inc.

The Undersigned waives any notice of the incurring by * at any time of any of the Liabilities, and waives any and all presentment, demand, protest or notice of dishonor, nonpayment, or other default with respect to any of the Liabilities and any obligation of any party at any time comprised in the collateral. The Undersigned hereby grants to Lender full power, in its uncontrolled discretion and without notice to the undersigned, but subject to the provisions of any agreement between the * or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:

*Solis Trawlers, Inc. *Solis Trawlers, Inc.

(a) To modify or otherwise change any terms of all or any part of the Liabilities or the rate of interest thereon (but not to increase the principal amount of the note of the * to Lender), to grant any extension or renewal thereof and any other indulgence with respect thereto, and to effect any release, compromise or settlement with respect thereto;

*Solis Trawlers, Inc.

(b) To enter into any agreement of forbearance with respect to all or any part of the Liabilities, or with respect to all or any part of the collateral, and to change the terms of any such agreement;

(c) To forbear from calling for additional collateral to secure any of the Liabilities or to secure any obligation comprised in the collateral;

(d) To consent to the substitution, exchange, or release of all or any part of the collateral, whether or not the collateral, if any, received by Lender upon any such substitution, exchange, or release shall be of the same or of a different character or value than the collateral surrendered by Lender;

(e) *In the event of the nonpayment when due, whether by acceleration or otherwise, of any of the Liabilities, or in the event of default in the perform*ance of any obligation comprised in the collateral, to realize on the collateral or any part thereof, as a whole or in such parcels or subdivided interests as Lender may elect, at any public or private sale or sales, for cash or on credit or for future delivery, without demand, advertisement or notice of the time or place of sale or any adjournment thereof (the Undersigned hereby waiving any such demand, advertisement and notice to the extent permitted by law), or by foreclosure or otherwise, or to forbear from realizing thereon, all as Lender in its uncontrolled discretion may deem proper, and to purchase all or any part of the collateral for its own account at any such sale or foreclosure, such powers to be exercised only to the extent permitted by law.

The obligations of the Undersigned hereunder shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights or recourse against Lender, by reason of any action Lender may take or omit to take under the foregoing powers. *Wolfe Trawlers, Inc. or Solis Trawlers, Inc.

Wolfe Trawlers Inc. or Solis Trawlers, Inc.

In case the shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned, immediately upon the written demand of Lender, will pay to Lender the amount due and unpaid by * as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the Undersigned. Lender shall not be required, prior to any such demand on, or payment by, the Undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the * or others with respect to the payment of any of the Liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral. The Undersigned shall have no right of subrogation whatsoever with respect to the Liabilities or the collateral unless and until Lender shall have received full payment of all the Liabilities.

*Wolfe Trawlers, Inc. or Solis Trawlers, Inc.

The obligations of the Undersigned hereunder, and the rights of Lender in the collateral, shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights against Lender: by reason of the fact that any of the collateral may be in default at the time of acceptance thereof by Lender or later; nor by reason of the fact that a valid lien in any of the collateral may not be conveyed to, or created in favor of, Lender; nor by reason of the fact that any of the collateral may be subject to equities or defenses or claims in favor of others or may be invalid or defective in any way; nor by reason of the fact that any of the Liabilities may be invalid for any reason whatsoever; nor by reason of the fact that the value of any of the collateral, or the financial condition of * or of any obligor under or guarantor of any of the collateral, may not have been correctly estimated or may have changed or may hereafter change; nor by reason of any deterioration, waste, or loss by fire, theft, or otherwise of any of the collateral, unless such deterioration, waste, or loss be caused by the willful act or willful failure to act of Lender.

*Wolfe Trawlers, Inc. or Solis Trawlers, Inc.

The Undersigned agrees to furnish Lender, or the holder of the aforesaid note of the * upon demand, but not more often than semiannually, so long as any part of the indebtedness under such note remains unpaid, a financial statement setting forth, in reasonable detail, the assets, liabilities, and net worth of the Undersigned.

*Solis Trawlers, Inc.

[illegible]

The term "Undersigned" as used in this agreement shall mean the signer or signers of this agreement, and such signers, if more than one, shall be jointly and severally liable hereunder. The Undersigned further agrees that all liability hereunder shall continue notwithstanding the incapacity, lack of authority, death, or disability of any one or more of the Undersigned, and that any failure by Lender or its assigns to file or enforce a claim against the estate of any of the Undersigned shall not operate to release any other of the Undersigned from liability hereunder. The failure of any other person to sign this guaranty shall not release or affect the liability of any signer hereof.

Henry Wolfe Jr
Henry Wolfe, President

NOTE.--Corporate guarantors must execute guaranty in corporate name, by duly authorized officer, and seal must be affixed and duly attested; partnership guarantors must execute guaranty in firm name, together with signature of a general partner. Formally executed guaranty is to be delivered at the time of disbursement of loan.

(LIST ON REVERSE SIDE COLLATERAL SECURING THE GUARANTY)

**EXHIBIT C**

SBA FORM 148 (8-75) REF SOP 70 50 USE 8-71 EDITION UNTIL EXHAUSTED

AGREEMENT FOR ASSUMPTION

OF INDEBTEDNESS

THE STATE OF TEXAS )(

COUNTY OF CAMERON )(

THIS AGREEMENT, made this 31st day of July, 1986.

W I T N E S S E T H:

WHEREAS, SMALL BUSINESS ADMINISTRATION (Sole Mortgagee) an agency and instrumentality of the United States of America, of 222 E. Van Buren, Harlingen, Texas 78550, ~~a corporation organized and existing under the laws of the State of Texas,~~ (hereinafter called "Lender"), is the owner and holder of certain instruments executed by SOLIS TRAWLERS, INC. (Sole Mortgagor) of 577 Billy Mitchell, Brownsville, Texas 78520, (hereinafter designated "Transferor", whether one or more), said instrument being identified as follows:

| PROMISSORY NOTE | SECURITY INSTRUMENT |
|---|---|
| DATE: April 4, 1980 | TYPE: Preferred Mortgage covering the whole of the O/S H.W. JR. (ex FAITH), Official No. 513134 |
| AMOUNT: $57,000.00 | |
| | DATE: April 4, 1980 |
| | REGISTRY: U.S.C.G. Port of Brownsville, Texas, recorded in Book B-2-26, Inst. No. 12 at 2:40 P.M. on the 4th day of April 1980. |

EIGHTH COAST GUARD DISTRICT
Port of HOUSTON, TEXAS
Received for record on the FEB 14 1989
at 1:02 o'clock P.M.
and recorded in Book No. 3M179
Inst. 163.
[signature]
Documentation Officer

PORT OF HOUSTON, TEXAS FEB 14 1989
CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL
[signature]
Documentation Specialist

WHEREAS, WOLFE TRAWLERS, INC. (Sole Mortgagor) of P.O. Box 211, Hwy. 100 - Ste. 1229 B, Port Isabel, Texas 78578, (designated as "Transferee" whether one or more), by a certain conveyance executed by the Transferor, has acquired the property covered by the above-described Security Instruments, said conveyance being subject to the lien created in said instrument;

NOW, THEREFORE, in consideration of the conveyance of said property to the Transferee and the consent of Lender to said conveyance, it is hereby agreed as follows:

1. Transferee hereby assumes payment of the unpaid balance of said Note and said indebtedness now held by the Lender;

2. Transferee agrees that payment of the indebtedness shall be in accordance with the terms and conditions of the Promissory Note evidencing the indebtedness, any outstanding agreements of Transferor pertinent thereto, and the Security Instrument(s), and the Transferee hereby assumes liability for, agrees to comply with, to be bound by, and to perform all covenants and conditions contained in, all of said instruments as if Transferee had executed

EXHIBIT D

such instruments as of the dates thereof as the principal obligor, except to the extent that such instruments(s) evidencing indebtedness, agreements pertaining thereto and security instrument(s) are superseded by instruments executed by the Transferee simultaneously with or subsequent to the date of the execution of this agreement;

3. The Lender hereby consents to conveyance of the above-mentioned property from the Transferor to the Transferee and agrees that upon payment in full to Lender or its assigns of the obligations herewith assumed by the Transferee, together with interest and any other amounts which may have become owing to Lender under the terms of the above-described Security Instrument(s) or any modifications thereof, the Lender shall execute such instruments as may be necessary to permit the said property to be released from the lien of said instrument(s).

~~IT IS AGREED AND UNDERSTOOD that assumption of this indebtedness by the Transferee does not relieve the Transferor from personal liability for payment of theindebtedness referred to herein.~~

AGREED TO:

TRANSFEROR:
SOLIS TRAWLERS, INC. (100%)

By: [signature]
Alfred Solis, President

TRANSFEREE:
WOLFE TRAWLERS, INC. (100%)

By: [signature]
Henry Wolfe, Jr., President

LENDER:
SMALL BUSINESS ADMINISTRATION

By: [signature]
Lupe Gonzales, Chief,
Portfolio Management Division



EXHIBIT D

THE STATE OF TEXAS §
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, on this day personally appeared Alfred Solis, President of Solis Trawlers, Inc., known to me to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed same for the purposes and consideration therein expressed and in the capacity therein stated as the act and deed of said corporation.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 22nd day of November, 1988.

Marion N. Hall
Notary Public, State of Texas

My Commission Expires: 5-16-91

THE STATE OF TEXAS §
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, on this day personally appeared Henry Wolfe, Jr., President of Wolfe Trawlers, Inc., known to me to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed same for the purposes and consideration therein expressed and in the capacity therein stated as the act and deed of said corporation.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 31st day of July, 1986.

Marion N. Hall
Notary Public, State of Texas

My Commission Expires: 5-16-87

AFFIDAVIT OF GOOD FAITH

THE STATE OF TEXAS §
COUNTY OF CAMERON §

HENRY WOLFE, JR., being duly sworn, deposes and says that he is the President of Wolfe Trawlers, Inc., the corporation which executed the foregoing Agreement For Assumption Of Indebtedness, and that said Agreement For Assumption of Indebtedness is made in good faith and without any design to hinder, delay, or defraud any existing or future creditors of the Mortgagor or of any lienor of the mortgaged vessel.

WOLFE TRAWLERS, INC.

Henry Wolfe Jr.
Henry Wolfe, Jr., President

SUBSCRIBED AND SWORN TO BEFORE ME by the said HENRY WOLFE, JR., TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE this 31st day of July, 1986.

Marion N. Hall
Notary Public, State of Texas

My Commission Expires: 5-16-87

THE STATE OF TEXAS §
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, on this day personally appeared LUPE GONZALES, known to me to be the Chief, Portfolio Management Division, Lower Rio Grande Valley District Office, of the Small Business Administration, and the person whose name is subscribed to the foregoing instrument, and he acknowledged to me that the same was the act of the Small Business Administration, and that he executed the same as the free act and deed of the Small Business Administration, for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 10th day of January 1989.

Alma Quintanilla
Notary Public, State of Texas

My Commission Expires:

Alma Quintanilla, Notary Public
For The State of Texas
My Commission Expires 7/27/91

EXHIBIT D

MODIFICATION OF PROMISSORY NOTE

Re: WOLFE TRAWLERS, INC.
STAR ROUTE BOX 6
BROWNSVILLE, TEXAS 78521
EIDL 223 672 2002

WHEREAS, heretofore and under date of April 4, 1980, Solis Trawlers, Inc. subsequently assumed by Wolfe Trawlers, Inc. on July 31, 1986 (hereinafter called "Borrower"), made, executed and delivered to Small Business Administration; one certain promissory Note, in the original principal amount of $57,000.00, payable in monthly installments of $531.00 each subsequently changed to $1,217.00 payable on the first day of Agust, September, October, November, December and January of each year beginning August 1, 1991, with interest at the rate therein provided, final maturity of said Note being April 4, 1995 subsequently changed to January 1, 1995; and,

WHEREAS, it is mutually desirable, beneficial and agreeable to the parties hereto that the repayment terms of said Note be modified as hereinafter set out;

NOW, THEREFORE, in consideration of the mutual benefits inuring to each other, it is understood and agreed, by and between the parties hereto, that the terms and conditions of borrower's Note, as above described, are hereby modified as follows:

Extend the maturity date to January 1, 2010. All other terms and conditions will remain the same and in effect.

It is further understood and agreed that all other terms, conditions and covenants of the aforesaid Note, not otherwise modified hereby, shall be and remain the same, and that this Agreement, when executed by the parties hereto, shall be attached to and become a part of the original Note, and shall have the same force and effect as if the terms and conditions hereof were originally incorporated in the Note, prior to its execution.

IN WITNESS WHEREOF, this Agreement is executed by the undersigned parties as of the 29th day June, 19 95.

Wolfe Trawlers, Inc. (100%)

Henry Wolfe, Jr., President

ACCEPTED BY:

SMALL BUSINESS ADMINISTRATION

By:
Carlos Martinez, Jr., ADD/ED

DAL VI FORM 13 (2-76) REF: SOP 50 50 1 (MODIFIED FOR USE ON PC)

EXHIBIT E

**NOTE ENDORSEMENT**
**(SBA Loan Sale #3)**

Loan No. EIDL 2236722002 HAR
Obligor Name: Wolfe Trawlers, Inc.

ENDORSEMENT OF NOTE dated April 4, 1980 including any assignments thereto and modifications thereof (the "Note")

FROM: U.S. SMALL BUSINESS ADMINISTRATION ("Assignor").

Pay to the order of NC Venture I, L.P., a Delaware limited partnership ("Assignee"), without recourse and without representation or warranty, whether express, implied or created by operation of law.

Capitalized items used in this Endorsement but not defined in this Endorsement will have the meanings ascribed to them in that certain Loan Sale Agreement dated as of December 7, 2000 by and between Assignor and Assignee.

IN WITNESS WHEREOF, Assignor has caused this Endorsement to be executed and delivered by its duly authorized agent as of the 9th day of April, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

Ora Fitzsimmons
Witness

James M. Hrebenar
Its Attorney-In-Fact, pursuant to a Limited Power of Attorney dated December 7, 2000 and filed under County Clerk's No. FBC2001004620 on January 17, 2001 in Fort Bend County, TX

**EXHIBIT F**

Prepared by and please
return to:
NC Venture I, L.P.
12705 S. Kirkwood, Suite 218
Stafford, Texas 77477

**ASSIGNMENT OF LOAN DOCUMENTS**
**(SBA Loan Sale #3)**

THIS ASSIGNMENT OF LOAN DOCUMENTS (this "Assignment") is made by the U.S. SMALL BUSINESS ADMINISTRATION ("Assignor"), whose address is 490 Third Street, S. W., Washington, D.C. 20416, to NC Venture I, L.P., whose address is set forth below ("Assignee"), pursuant to the terms of that certain Loan Sale Agreement dated as of December 7, 2000 (the "Sale Agreement") between Assignor and Assignee.

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys, effective as of December, to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Sale Agreement, the following:

1. that certain Third Preferred Mortgage on Vessel "Faith" dated April 4, 1980, in the amount of $57,000.00 by and between Solis Trawlers, Inc. and the U.S. Small Business Administration, Official No. 513134, and recorded on April 4, 1980, in Book B-2-26, Instr. No. 12, with the U.S.Coast Guard Documentation Office in Brownsville, Texas, as amended or modified, which instrument secures the Note; and

2. that certain Agreement for Assumption of Indebtedness dated July 31, 1986 on the "H.W., JR." vessel (formerly the "Faith"). See Attached.

3. such other documents, agreements, instruments, and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

EXHIBIT F

**IN WITNESS WHEREOF,** Assignor has caused this Assignment to be executed and delivered by its duly authorized agent as of the 9th day of April, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

Witness

James M. Hrebenar
Its Attorney-In-Fact, pursuant to a Limited Power of Attorney dated December 21, 2000 and filed under County Clerk's No. FBC20014620 on January 17, 2001 in Fort Bend County, Texas, to which reference may be made

**ACKNOWLEDGMENT**

STATE OF TEXAS §
§ ss:
COUNTY OF FORT BEND §

Before me, the undersigned, a Notary Public, on this day personally appeared James M. Hrebenar who is personally well known to me (or sufficiently proven) to be an Attorney-in-Fact, by limited power of attorney referenced above, for the U.S. Small Business Administration and he acknowledged to me that he executed the same for the proposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 9th day of April, 2001.

Notary Public

[SEAL]




My Commission Expires:________________

EXHIBIT F